## ANTUÑANO v. REGISTRER OF PROPERTY.

### APPEAL from cautionary notice entered by the Registrar of Property of San Juan.

No. 17.—Decided January 12, 1903.

PRESCRIPTION.—The provisions of judicial order of April 4, 1899, in so far as they relate to the period allowed for the prescription of ownership and any other rights over real estate have been repealed by Article 1858 of the Civil Code.

ID.—Section 1858 of the civil code is to be construed subject to the provisions contained in Section 1840 of said Code; that is, prescription which began to run before the present Civil Code went into effect shall be governed by the prior laws applicable thereto.

### STATEMENT OF THE CASE.

On August 13, 1902, Tiburcio Antuñano y Salazar made application to the Municipal Judge of Río-Piedras, praying that the entries of possessory titles to several farms owned by him in said municipal district, be converted into records of ownership, and the proceedings provided for by law having been had and the expiration of six years of continuous and uninterrupted possession from the date of the first registration of said properties having been shown, the Municipal Judge of said town, in a decree of September 26th of the same year, declared the proceedings terminated and ordered that a certified copy thereof be furnished the applicant for the purpose of having said conversion recorded in the Registry of Property. Said certificate having been presented at the Registry of Property, the Registrar refused to record the conversion decreed, giving as reasons for his refusal, as stated in his memorandum placed at the end of aforesaid certificate, that six years had not elapsed from the date of the first entries of said farms, to March 1, 1902, when the new Civil Code had taken effect, and that by Article 1858 thereof, the Judicial Order of April 4, 1899, in so far as the same provides for the time within which the conversion of entries of possession into records of ownership should be understood as having been repealed, and in lieu thereof he

tomando en su lugar la anotación preventiva que previene la ley sobre recursos contra las resoluciones de los Registradores de la Propiedad, que tendrá efecto legal durante ciento veinte días de su fecha.

*Resultando* : que contra esta nota ha interpuesto en tiempo, ante este Tribunal Supremo, el abogado Don Emilio García Cuervo, á nombre del interesado, Don Tiburcio Antuñano y Salazar, el presente recurso gubernativo, para que se revoque la expresada nota del Registrador, y se le ordene que ponga la correspondiente nota de conversión, en las inscripciones posesorias de las dos fincas de referencia.

Abogado del recurrente : *Sr. García Cuervo.*

entered a cautionary notice, pursuant to an act to provide for appeals from the decisions of Registrars of Property, said cautionary notice to continue in force during one hundred and twenty days from the date thereof.

From aforesaid decision Emilio García Cuervo Esq., on behalf of the petitioner Tiburcio Antuñano y Salazar took this appeal from the decision of the Registrar of Property to this Supreme Court, praying that the Registrar's decision be set aside and that he be ordered to make the proper conversion of the entries of possession of the two farms into records of ownership.

*Mr. García Cuervo,* for apellant.·

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, rendered the following opinion of the Court:

While it is true that under the Article of the new Civil Code cited by the Registrar in his decision, and which corresponds to Article 1858 of the official edition thereof, ownership and other property rights prescribe by possession for ten years as to residents of the Island, and for twenty years with regard to absentees in good faith and with a proper title, which undoubtedly repeals what was provided upon this subject by the Judicial Order of April 4, 1899, such repeal should be understood to operate without prejudice to the provision of Article 1840 of the same Code, according to which prescription which began to run before the publication thereof, shall be governed by the prior laws; and inasmuch as from the date of the entries of possession of the farms in question, to the day when the certificate was presented at the Registry of Property, there has been a lapse of more than the six years of uninterrupted possession, as required by said Judicial Order of April 4th, to acquire by prescription the ownership of real estate, both as to present and absent persons, and to which provision a retroactive effect was expressly given, it follows that the conversion

lleve á efecto por el Registrador la conversión solicitada por Don Tiburcio Antuñano.

*Vistas* las disposiciones legales citadas. *Se revoca la nota* denegatoria del Registrador de la Propiedad de esta Capital que ha dado motivo á la interposición del presente recurso, y se declara que procede la toma de razón en el Registro de la conversión, en inscripción de dominio, de la de posesión de las dos fincas de que se trata; y devuélvase al Registrador el testimonio presentado, con copia de la presente resolución, para su cumplimiento y demás efectos.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.

---

## JOY *v*. BANCO TERRITORIAL Y AGRÍCOLA.

### CASACIÓN procedente de la Corte de Distrito de Arecibo.

No. 20.—Resuelto en Enero 15, 1903.

CONTRATOS.—Para que el consentimiento prestado por error produzca la nulidad de un contrato voluntariamente contraido por las partes, es necesario que se demuestre que tal error existía en las circunstancias que constaban del mismo contrato, pero en modo alguno puede referirse ese error á hechos agenos al contrato.

ID. DOLO.—Para que prospere la acción de nulidad de un contrato, fundada en dolo, es necesario que se acredite la existencia de tal dolo.

PRUEBA. APRECIACIÓN.—El hecho de que el Tribunal apreciara ciertas manifestaciones de un letrado que no fueron hechas bajo juramento, no es motivo de revocación, si el Tribunal, por otros fundamentos, sostiene la procedencia de la acción deducida.

COSTAS.—Las Cortes impondrán las costas al litigante cuyas pretensiones esenciales hayan sido totalmente desestimadas.

applied for by Tiburcio Antuñano should be allowed by the Registrar.

In view of the legal provisions cited above, the decision of the Registrar of Property of San Juan, which has led to the present appeal, is canceled, and the conversion of the entry of possession of the two farms in question into records of ownership, is declared legal and obligatory on the part of the Registrar.

The certificate submitted is ordered to be returned to the Registrar with a copy of the present decision, for compliance therewith and other proper purposes.

Messrs. Hernández, Figueras, Sulzbacher and MacLeary, concurring.